Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>EDISON J. MONTES OCASIO<br><br>Peticionario | TA2025CE00230 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>C LE2023G0147<br><br>Sobre:<br>Ley 54 15889 Violencia Doméstica/Art. 3.3 |
| --- | --- | --- |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de septiembre de 2025.

Comparece el señor Edison J. Montes Ocasio (en adelante, señor Montes Ocasio parte peticionaria) por derecho propio, o *In Forma Pauperis*, mediante recurso de *certiorari*, firmado por este el 7 de julio de 2025 y recibido ante este Tribunal de Apelaciones el 21 de julio de 2025. Por medio de este, nos solicita que revisemos la *Orden* emitida el 25 de junio de 2025 y notificada el 27 de junio de 2025, por el Tribunal de Primera Instancia, Superior de Arecibo. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar una moción presentada por la parte peticionaria.

Por los fundamentos que adelante se exponen, se desestima el recurso por falta de jurisdicción.

### I

En el recurso ante nuestra consideración, la parte peticionaria alega que, el 10 de junio de 2025, presentó ante el foro recurrido

una moción intitulada *Solicitud de Desestimación, Ley 183 pena especial"*.[1]

Posteriormente, el Tribunal de Primera Instancia emitió la *Orden* cuya revisión nos ocupa. Por medio de esta determinó lo siguiente:

NO HA LUGAR LA SOLICITUD DE DEJAR SIN EFECTO LA PENA ESPECIAL IMPUESTA.

En desacuerdo, el señor Montes Ocasio acudió ante este foro revisor mediante recurso de *certiorari* y esgrimió los siguientes señalamientos de error:

1. El Hon. T.P.I, erró al denegar dicha Solicitud de desestimación a la ley 183 pena especial.

2. El Hon. T.P.I., erró al denegar dicha Solicitud, sin dar detalles el porque deneg[ó] dicha Solicitud.

Mediante *Resolución* emitida el 12 de agosto de 2025, le concedimos un término de diez (10) días al señor Montes Ocasio para someter copia de la moción presentada ante el Tribunal de Primera Instancia, cuya denegatoria es objeto del presente recurso. Sin embargo, transcurrió el término concedido sin que la parte peticionaria cumpliera con lo ordenado.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[2].

**II**

***A. Jurisdicción***

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *R&B Power. Inc. v. Junta de Subastas ASG*, 213 DPR 685,

---

[1] La aludida moción no fue acompañada al recurso de epígrafe.
[2] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

698 (2024); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020).[3]

Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power. Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022).[4] La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374 (2020).[5]

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *R&B Power. Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83(C) del Reglamento del Tribunal de Apelaciones[6], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

## B. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán*

---

[3] Véase *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

[4] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[5] *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

[6] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

*v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, supra, pág. 290, *Arraiga v. F.S.E.*, 145 DPR 122, 130 (1998).

En lo pertinente, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de *certiorari*, la Regla 34 (E)(1) del Reglamento de este Tribunal, dispone que, el apéndice debe contener, entre otros, el siguiente requisito:

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:

[…]

(d) **Toda resolución u orden, y toda moción o escrito** de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, **en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari***, o que sean relevantes a esta.[7] (*Énfasis nuestro*).

---

[7] Regla 34(E) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

Con respecto a los apéndices incompletos, nuestra Máxima Curia ha expresado lo siguiente: "[D]ebemos aclarar que generalmente nos hemos movido a desestimar recursos por tener apéndices incompletos **cuando esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción**". (Cita omitida) (Énfasis nuestro). *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007).

Por tanto, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[8] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[9]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

### III

Como Tribunal Apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado ante nuestra consideración. Veamos.

---

[8] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[9] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

El señor Montes Ocasio nos solicita que revisemos la *Orden* emitida el 25 de junio de 2025 por el Tribunal de Primera Instancia. En dicha orden, el foro recurrido declaró No Ha Lugar la *Solicitud de Dejar sin Efecto la Pena Especial Impuesta*. Sin embargo, la parte peticionaria no incluyó la solicitud objeto de la controversia de epígrafe. Aun así, mediante *Resolución* emitida el 12 de agosto de 2025, le concedimos un término de diez (10) días al señor Montes Ocasio para someter copia de la moción presentada ante el Tribunal de Primera Instancia. No obstante, transcurrió dicho término sin cumplir con lo ordenado. La omisión de presentar la aludida moción solicitada, nos impide adentrarnos en la controversia. Por tanto, la parte peticionaria no nos colocó en posición de revisar al foro primario.

Es normativa reiterada que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán observarse rigurosamente[10]. El incumplimiento con las disposiciones sobre forma, contenido y presentación de los recursos apelativos puede conllevar la desestimación de estos.

En consecuencia, procedemos a desestimar el recurso de *certiorari* de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal, la cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima por falta de jurisdicción.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador

---

[10] *Rojas v. Axtmayer Ent., Inc.*, supra, pág. 564; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Soto Pino v. Uno Radio Group*, supra, pág. 90.

de Corrección deberá entregar copia de esta *Resolución* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones